

# NUMBER 13-14-00693-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARIANN BACHARACH,**                                              **Appellant,**

**v.**

**EUFEMIA GARCIA,**                                                   **Appellee.**

---

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

This is an interlocutory appeal of the denial of a motion to dismiss filed pursuant to the Texas Citizens Participation Act (TCPA or the Act), also known as an Anti-SLAPP statute.[1]  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011 (West, Westlaw through

---

[1] "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."  *See In re Estate of Check*, 438 S.W.3d 829, 830 n.1 (Tex. App.—San Antonio 2014, no pet.).  This Anti-SLAPP statute permits a defendant targeted by a SLAPP suit to move for dismissal if the action relates to the defendant's exercise

Ch. 46, 2015 R.S.). By five issues, which we have renumbered and organized as two, pro se appellant Mariann Bacharach contends the trial court erred in denying her motion to dismiss because: (1) she met her burden of establishing that her statement was a matter of public concern; and (2) appellee Eufemia Garcia did not meet her burden of establishing a prima facie case for each element her causes of action. *See id.* § 27.005(b–c). We affirm.

## I. BACKGROUND

Eufemia, the mother of Rogelio Garcia who had a relationship with Bacharach that had ended, filed suit against Bacharach alleging, among other things, defamation, defamation per se, intentional infliction of emotional distress, and invasion of privacy.[2] The basis of Eufemia's suit arises out of information Bacharach published on a website called liarscheatersrus.com. In the post, which follows in its entirety, Bacharach called Eufemia a prostitute:

rogelio garcia

This guy is a total sleaze. He is an attorney in Houston and loves impregnating women while he is married. Stay away from this loser. He is truly evil. His mother was a prostitute and he has fantasies of turning women he sleeps with into her. Do not expect him to help you legally. He will extort sex from you and leave you on your own to defend yourself with the courts. He is abusive and sick. He disabled a woman in an accident then forced her to have sex with him for money. He should be in jail.

of the right of free speech, right to petition, or right of association. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West, Westlaw through Ch. 46, 2015 R.S.); *see also Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *1 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op. on reh'g).

[2] The lawsuit was first styled *Jane Doe v. Bacharach*. When Bacharach filed her motion to dismiss, she referred to Rogelio Garcia as the "ghost plaintiff." Subsequently, a second amended original petition was filed naming Eufemia Garcia, Rogelio's mother, as the plaintiff. Now on appeal, both parties identify the plaintiff/appellee as Eufemia Garcia, and we will do likewise.

This post included three images that contained, among other things, the words "[no] cheating" and "cheating husband."

Bacharach filed a timely motion to dismiss, asserting (1) that this lawsuit fell within the protection of the Anti-SLAPP statute because she had a right to speak freely; and (2) that Eufemia could not establish a prima facie case against her as required by the TCPA.[3] *See id.* § 27.003. At the hearing on her motion to dismiss, Bacharach provided testimony in response to questions regarding her burden of establishing the applicability of the statute. On October 16, 2014, the trial court denied Bacharach's motion to dismiss. This interlocutory appeal followed. *See id.* § 27.008.

## II.    APPLICABLE LAW

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. The TCPA is to "be construed liberally to effectuate its purpose and intent fully," but it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id.* § 27.011. The TCPA provides a procedure for the expedited dismissal of "retaliatory lawsuits that seek to intimidate or silence [defendants] on matters of public concern." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). In sum, the Act provides,

> [a] two-step process is initiated by motion of a defendant who believes that the lawsuit responds to the defendant's valid exercise of First Amendment

---

[3] Bacharach's motion to dismiss appears to seek only the dismissal of Eufemia's defamation claims. However, because the parties do not make that distinction on appeal, we will address the motion generally as to all claims. *See* TEX. R. APP. P. 47.1.

rights. Under the first step, the burden is initially on the defendant-movant to show "by a preponderance of the evidence" that the plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to "establish [ ] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

*Id.*

In this appeal, Bacharach claims that the statute protects her right to speak freely in public. The statute broadly defines "the exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3). The statute defines "communication" as "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1). It is undisputed that Bacharach's publication or post on the liarscheatersrus.com website is a "communication" under the statute. The statute defines a "matter of public concern" to include issues related to health or safety, community well-being, and the provision of a good, product, or service in the marketplace, among other things. *Id.* § 27.001(7). It is our analysis of whether Bacharach's statement regarding Eufemia is a "matter of public concern" that is determinative of this appeal.

When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based"; it may consider pleadings as evidence. *Id.* § 27.006(a). The TCPA does not require a movant to present testimony or other evidence to satisfy the movant's evidentiary burden. *Serafine v. Blunt*, ___S.W.3d ___, ___, No. 03-12-00726-CV, 2015 WL 3941219, at *4 (Tex. App.—Austin June 26, 2015, no. pet. h.) (op. on reh'g).

4

## III. STANDARD OF REVIEW

"We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered under the Act." *Id.* at *2 (citing *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *disapproved on other grounds* by *In re Lipsky*, 460 S.W.3d at 587–88). "We also review de novo a trial court's determination of whether a nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims." *Id.* (citing *Rehak Creative Servs.*, 404 S.W.3d at 726).

## IV. APPLICABILITY OF TCPA

By her first issue, Bacharach contends that the TCPA applies because she demonstrated that she was exercising her right to free speech on an issue of public concern and, thus, the trial court erred when it did not grant her motion to dismiss. This issue addresses the first step of the dismissal process where Bacharach must show "by a preponderance of the evidence" that Eufemia's claim "is based on, relates to, or is in response to [Bacharach's] exercise of" in this case, "the right of free speech." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b).

> Bacharach presents the following argument in support of this issue:
>
> The language of the statute indicates it is protecting the right to speak freely in public. The statute does not specify that speaking freely means only free speech regarding public figures and limited purpose public figures. The statute is clear and specific in its meaning that its purpose is to ensure the rights of others to speak freely in public over matters of concern to them without fear of retribution.

Bacharach also asserts that "[b]ecause [her] statement related to health or safety, it fell

5

within the statutory definition of 'matter of public concern.'" However, Bacharach offers no support for her assertion that her statement that Eufemia was a prostitute related to health and safety. Instead, Bacharach's testimony at the hearing reflected a concern directed toward the behavior of Rogelio, not Eufemia. For example, during her direct examination at the hearing on her motion to dismiss, Bacharach confirmed that she had "posted some things about Mr. Garcia and also said his mother was a prostitute," but insisted that "[t]he posts weren't directed at Mrs. Garcia." Bacharach also testified that "at the time, [she] believed the subject matter concerning Rogelio Garcia was a matter of public concern, which is why [she] filed an Anti-SLAPP suit." When asked by the trial court, "How should this [case filed by Eufemia and not Rogelio] be dismissed under this statute?", Bacharach replied, "I believe under the statute it should be dismissed because for all reasonable purposes, I believed [the posting] to be true," and "I believe I exercised reasonable care and I had no malicious intent directed at Mrs. Garcia."

Finally, without citations to the record or to authority, Bacharach contends that her statements "relate to laws and public services that were being corruptly abused for malicious purposes and believes these should be of public concern." Based on our review of the record, it appears that the statements Bacharach references in this argument are those that she made in the post about Rogelio and not his mother. And as the trial court informed Bacharach at the hearing on her motion to dismiss, "This is not about Rogelio Garcia. This is about Eufemia Garcia." The public-concern argument that Bacharach brings to this Court regarding statements she posted about Rogelio does not support her motion to dismiss Eufemia's lawsuit. We are not persuaded by this argument.

6

Based on our de novo review of the record on appeal,[4] we conclude that Bacharach has not satisfied the first step of the process—showing that the TPCA applies. She has not established by a preponderance of the evidence that Eufemia's claim is "based on, relates to, or is in response to" Bacharach's exercise of "the right of free speech." *See id.* § 27.005(b); *In re Lipsky*, 460 S.W.3d at 586. Bacharach has not shown that her communication was a matter of public concern; specifically, she has not shown that her statement about Eufemia related to health or safety. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7). The evidence simply does not support her arguments.

In sum, considering de novo this legal question, we conclude that Bacharach has not established by a preponderance of the evidence that Eufemia's legal action is covered under the Act. *See Serafine*, ___ S.W.3d at ___, 2015 WL 3941219, at *2. We overrule Bacharach's first issue. Because this issue is dispositive of the appeal, we need not address Bacharach's remaining issue. *See* TEX. R. APP. P. 47.1.

## V. CONCLUSION

We affirm the order of the trial court denying Bacharach's motion to dismiss.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
31st day of August, 2015.

---

[4] We reviewed the following: the pleadings, a copy of the post at issue, the transcript of Bacharach's testimony at the hearing on her motion to dismiss, Eufemia's affidavit, an unchallenged document titled "Affidavit of [Bacharach's son,] Julias Bacharach," and the affidavit of David Gingras, an attorney and Digital Millennium Copyright Act agent who provided a review of information logged by certain website's servers.